IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MAYLENA THORNTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 10-3073 |
| AT&T MOBILITY SERVICES, INC., | ) |
| Defendant. | ) |

## OPINION

This matter comes before the Court on Defendant AT&T Mobility Services, L.L.C.'s (AT&T) Motion to Dismiss or in the Alternative, Motion for a More Definite Statement (d/e 8). Pro se Plaintiff Maylena Thornton works for AT&T at its call center in Springfield, Illinois. She alleges claims under the Americans with Disabilities Act (ADA), the Family Medical Leave Act (FMLA), the Occupational Safety and Health Act (OSHA), and the Illinois Workers' Compensation Act (IWCA). 42 U.S.C. § 12101 et seq.; 29 U.S.C. § 2601 et seq.; 29 U.S.C. § 651 et seq.; 820 ILCS 305/1 et seq. For the reasons set forth below, the Court: (1) allows the request to dismiss Thornton's OSHA and IWCA claims; (2) allows the request to dismiss Thornton's ADA claims that are not timely; but (3) denies the request to

dismiss her FMLA claims and her timely ADA claims.

STATEMENT OF FACTS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Thornton. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).

Thornton started working for AT&T in October 2005. Early in her tenure at AT&T, Thornton filed a grievance against her immediate supervisor Jerry Pusch. Jerry Pusch's wife, Gaye Ann Pusch, worked at AT&T and was in charge of approving leave. Thornton alleges that Jerry and Gaye Ann Pusch harassed her after she filed the grievance. In 2007, Thornton began having medical problems with her feet. In June 2007, she requested two days of approved leave under the FMLA, but Gaye Ann Pusch denied her request. Thornton claims the denial was wrongful. Thornton alleges that Gaye Ann Pusch thereafter consistently lied to Thornton and made representations to Thornton in which Pusch omitted material information. Thornton alleges that Gaye Ann Pusch's harassment became part of an ongoing effort by AT&T to harass Thornton and get her to quit

2

because of her disabilities.

Thornton had eye surgery in October 2007. Thereafter she suffered from migraine headaches as a result of the eye problems. She came back to work from the surgery sometime in November 2007. At that time, she was working part-time.

Beginning in January 2008, Thornton began missing time due to her eye condition and related migraine headaches. She used her accumulated leave time. She exhausted her accumulated leave time by some time in July 2008. Thornton alleges that AT&T was close to firing her for excessive absences, but did not.

In August 2008, Thornton was offered "ADA paperwork" in order to request an accommodation due to her medical conditions. Pro se Complaint Against Employment Discrimination, Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (d/e 1)(Complaint), attached General Facts of Claim, at 2. AT&T had earlier failed to offer Thornton an accommodation under the ADA even though she had asked. Thornton's doctor filled out the paperwork provided to Thornton. Thornton requested a number of accommodations. Among them, she asked that her computer screen be dimmed because she had photophobia, or extreme sensitivity to

3

3:10-cv-03073-SEM-BGC     # 18    Page 4 of 13

light. She alleges that the request for this accommodation was wrongfully denied in August 2008.

In August 2008, Thornton took leave for foot surgery. She returned in October 2008. At that time she was being investigated for a business code violation involving text messages with co-workers. The investigation was eventually closed. In December 2008, Thornton contracted pneumonia and was admitted to the hospital. She alleges that her pay was wrongfully reduced at this time.

Beginning in January 2009, AT&T allegedly wrongfully interfered with and delayed Thornton's ability to secure an independent medical examination (IME) in connection with workers' compensation claims that Thornton filed. The delays persisted. As of the date that Thornton filed the Complaint on March 25, 2010, she was still waiting to have the IME performed.

On June 17, 2009, Thornton made another request for accommodations under the ADA. She complained in August 2009, that she had not received a response. AT&T's administrator informed her at that time that it would not consider the request because it was on the wrong form. AT&T did not otherwise respond to the ADA request for

4

accommodations until March 2010.

In July 2009, Thornton filed a claim with the Occupational Health and Safety Administration (OSHA Administration). She complained because AT&T did not list Thornton on an OSHA log. AT&T stated that it did not include her situation on the log because her case was classified as a first aid case. Id. at 3. Thornton's complaint was investigated. Thornton alleges that AT&T was eventually found to be in violation of OSHA.

On September 4, 2009, AT&T involuntarily placed Thornton on unpaid disability leave. The leave continued until October 13, 2009. Upon her return to work, Thornton alleges that she was denied her requested job placement. She claims that there were openings in the areas she preferred, but AT&T would not allow her to take one of them.

In February 2010, Thornton missed two days of work because of snowy conditions. Due to her poor eyesight, Thornton could not come to work because she could not see well enough to drive during snowy conditions. Thornton asked for an accommodation under the ADA for the two days missed. The request was wrongfully denied.

In March 2010, AT&T finally sent a technician who dimmed Thornton's computer screen. The adjustment did not help much. AT&T

5

also installed a program on Thornton's computer that allowed the use of 3D and HD graphics. Thornton was unable to access the program. She also alleges that she needed lower resolution, not higher resolution, on her computer screen. Thornton alleges that she has made additional requests for changes in her workspace, but those requests have been denied.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George

v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Under this standard, Thornton states claims under FMLA and ADA, but not OSHA and IWCA.

I.      DENIAL OF FMLA LEAVE

Employers covered by the FMLA must give employees up to twelve weeks of leave annually to meet personal medical needs under certain conditions. 29 U.S.C. §§ 2612, 2615, 2617(a). Thornton alleges that she requested two days of FMLA leave in June 2007, but the request was denied. When read favorably to her, these allegations state a claim. AT&T argues that the claim is barred by the statute of limitations. An FMLA claim is generally subject to a two-year statute of limitations, but the statute is extended to three years if the employer acted wilfully. 29 U.S.C. § 2617(c). Thornton filed this action on March 25, 2010, so Thornton's claim based on the denial of FMLA leave in June 2007 would be barred unless the denial was wilful. When read favorably to Thornton, she alleges that Gaye Ann

Pusch denied the request as part of Pusch's ongoing harassment of Thornton. These allegations are enough to create an issue of fact regarding whether the denial of FMLA leave was wilful. Thornton states an FMLA claim.

II.     FAILURE TO ACCOMMODATE UNDER THE ADA

The ADA requires an employer to provide a qualified employee with a disability a reasonable accommodation to enable the qualified employee to perform the essential functions of the job. 42 U.S.C. § 12112(b)(5); Rehling v. City of Chicago, 207 F.3d 1009, 1014 (7th Cir. 2000). Thornton alleges that she was an AT&T employee and she was disabled with a vision problem. She alleges that she made a request for reasonable accommodations for her disability in June 2009, but AT&T initially refused to consider the request because of the form used and then it failed to act on the request until March 2010. She alleges that in February 2010, she requested an additional reasonable accommodation of two days' leave because snowy conditions kept her from being able to see well enough to drive to work. When read favorably to Thornton, AT&T's delay in responding to Thornton's June 2009 request and the refusal to grant the two days' leave may have constituted failures to provide reasonable

8

accommodations under the facts alleged. The allegations at least create an issue of fact.

III. ADA DISCRIMINATION

AT&T asks the Court to dismiss Thornton's claim of discrimination under the ADA. To state a claim for discrimination, Thornton must allege that she is a qualified person with a disability; AT&T was aware of the disability; and she suffered an adverse employment action because of her disability. Foster v. Arthur Anderson, LLP, 168 F.3d 1029, 1032 (7th Cir. 1999) overruled on other grounds, Serwatka v. Rockwell Automation, Inc., 591 F.3d 957, 963 (7th Cir. 2010). An adverse employment action is one which materially affects the terms and conditions of employment, such as termination, demotion, decrease in compensation, material loss of benefits, or significantly diminished responsibilities. Hilt-Dyson v. City of Chicago, 282 F.3d 456, 465-66 (7th Cir. 2002). AT&T argues that Thornton does not identify an action taken that would qualify as an adverse employment action. The Court disagrees. When read favorably to Thornton, she alleges that she was involuntarily placed on unpaid disability leave from September 4, 2009, to October 13, 2009. She further alleges that AT&T took this action, along with all of the actions, to coerce her to quit because of her

disability. The loss of more than a month's pay may be sufficient to constitute an adverse employment action. See Phelan v. Cook County, 463 F.3d 773, 780-81 (7th Cir. 2006). She states a claim.

IV. RETALIATION UNDER ADA and FMLA

AT&T asks the Court to dismiss Thornton's claims of retaliation. The ADA and FMLA both prohibit retaliating against employees who engage in activity protected by the respective statutes. 42 U.S.C. § 12203(a); 29 U.S.C. § 2615(a)(2). Thornton alleges that she asserted her rights under these two statutes and AT&T subsequently engaged in various retaliatory conduct. AT&T argues that Thornton does not allege any materially adverse action taken against her in retaliation. The employer's conduct must be materially adverse to constitute retaliation. Stephens v. Erickson, 569 F.3d 779, 790 (7th Cir. 2009). The alleged forced unpaid disability leave from September 4, 2009, to October 13, 2009, again, would be a material adverse action, when viewed favorably to Thornton. She states a claim.

V. ADA STATUTE OF LIMITATIONS

AT&T argues that Thornton alleges some ADA violations that are barred by the statute of limitations. The Court agrees that some of

Thornton's allegations are barred. Thornton may bring an action for wrongful acts that occurred within 300 days immediately before she filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e); Stepney v. Naperville School Dist. 203, 392 F.3d 236, 240 (7th Cir. 2004). Thornton filed her charge on August 5, 2009. Complaint, attached EEOC Charge of Discrimination. Three hundred days before that date was October 9, 2008. Thus, ADA claims based on events before October 9, 2008, are barred. Thornton, however, has alleged enough regarding events that occurred after October 9, 2008, to proceed with her timely ADA claims.

VI.   OSHA and IWCA

Thornton fails to state a claim under either OSHA or IWCA. OSHA does not authorize a private cause of action. The statute authorizes a person to report violations to the Secretary of Labor. The Secretary of Labor is then charged with enforcing the statute. 29 U.S.C. § 660(c)(2); Dunlap v. Chicago Osteopathic Hosp., 1987WL17480, at *3 (N.D.Ill. 1987). The IWCA administrative procedures provide the exclusive remedy for Thornton's complaints regarding her workers' compensation claim. 820 ILCS 305/5(a); Hunt-Golliday v. Metropolitan Water Reclamation District

of Greater Chicago, 104 F.3d 1004, 1016 (7th Cir. 1997).  Thornton argues that § 305/4(h) of the IWCA states that an employer may not discriminate against an employee for exercising his rights under the IWCA.  820 ILCS 305/4(h).  The Illinois Supreme Court, however, has determined that § 305/4(h) does not authorize a private cause of action unless the employer wrongfully discharged the employee for exercising rights under the IWCA.  Zimmerman v. Buchheit of Sparta, Inc., 164 Ill.2d 29, 38-39, 645 N.E.2d 877, 882 (Ill. 1994).[1]  Thornton does not allege that she was discharged.  Thornton, therefore, has no claim in this Court under the IWCA.[2]

VII.  REQUEST FOR MORE DEFINITE STATEMENT

AT&T also asks for a more definite statement.  AT&T points out that Thornton includes additional allegations with which she may be attempting to assert additional violations of the ADA or FMLA.  AT&T asks the Court to require Thornton to state more clearly whether she asserts additional claims under the ADA or FMLA based on these additional allegations.  Any questions regarding Thornton's additional allegations can be better fleshed

---

[1] The IWCA provides for criminal and other penalties for violating the IWCA. Zimmerman, 645 N.E.2d at 880 n.1.

[2] The IWCA authorizes the imposition of penalties for improper delays through the workers' compensation administrative proceedings.  See Board of Education v. Industrial Com'n, 93 Ill.2d 1, 442 N.E.2d 861 (Ill. 1982); 820 ILCS 305/19(k).

out in discovery rather than through additional pleadings. The allegations discussed by the Court establish plausible claims under both the ADA and the FMLA. The case, therefore, may proceed. The request for a more definite statement is denied.

THEREFORE, Defendant AT&T Mobility Services, L.L.C.'s Motion to Dismiss or in the Alternative, Motion for a More Definite Statement (d/e 8) is ALLOWED in part and DENIED in part. Thornton's claims for violation of the Occupational Safety and Health Act and the Illinois Workers' Compensation Act are dismissed, and Thornton's claims for violation of the Americans with Disabilities Act based on events that occurred before October 9, 2008, are dismissed. The Motion is otherwise denied.

ENTERED this 14th day of September, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE